### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**LATOYA R. BEACHAM**                                                                 **PLAINTIFF**


**VERSUS**                                             **CIVIL ACTION NO.**  5:22-cv-65-DCB-LGI


**CITY OF BROOKHAVEN, MISSISSIPPI and**
**KENNETH COLLINS, in His Individual Capacity,**                    **DEFENDANTS**

                                                          **JURY TRIAL DEMANDED**

_____

### COMPLAINT
_____

This is an action to recover actual damages against Defendant City of Brookhaven, Mississippi based upon the official policy decisions of its Chief of Police, and actual and punitive damages against Defendant Kenneth Collins, in his individual capacity.  The following facts support the action:

1.

Plaintiff LATOYA R. BEACHAM is a black female adult resident citizen of 3167 Watson Road, Wesson, Mississippi 39191.

2.

Defendant CITY OF BROOKHAVEN, MISSISSIPPI, is a political subdivision of the State of Mississippi.  Defendant City may be served with process upon its mayor, Joe Cox, at 301 South First Street, Brookhaven, Mississippi 39601.  Defendant City is sued for the official policy decisions of its Chief of Police, Defendant Kenneth Collins.

00367810.WPD

Defendant KENNETH COLLINS is the Chief of Police for the City of Brookhaven and is sued in his individual capacity and in his official capacity.  Defendant Collins may be served with process through his employment, at 440 Highway 51 South, Brookhaven, Mississippi 39602.  He is sued individually only for state law violations.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343.  This action is authorized by 42 U.S.C. § 1983 to redress a claim of violation of the First and Fourth Amendments to the United States Constitution.  This Court will have supplemental jurisdiction over Plaintiff's state law claims after expiration of ninety (90) days from the date of Plaintiff's service of the Notice of Claim, attached hereto as Exhibit "A."

4.

At all relevant times, Plaintiff was employed by the Brookhaven Police Department as a detective.  Plaintiff worked under the supervision of Defendant Collins.  Defendant Collins, under state law, had the authority to supervise and assign police officers, but no authority to hire or fire.

5.

In January 2022, two (2) white persons, Greg Case and Brandon Case, fired shots on a truck driven by a black person, D'Monterrio Gibson, delivering FedEx packages into their neighborhood. Multiple shots were fired into the truck.  The use of deadly force against a delivery truck driven by a black driver sparked intense emotions in the Brookhaven, Mississippi area.  Various protests were held, and members of the Black Lives Matter participated in the protests.

6.

The individuals who conducted the shooting are relatives of the Brookhaven Assistant Chief of Police, who is a close friend and associate of the Chief of Police, Defendant Collins.

7.

Defendant Collins opposed the protests.  He directed that any member of the Black Lives Matter who participated in a protest to be arrested.  Defendant Collins directed Plaintiff, as a detective, to sign a criminal affidavit charging Black Lives Matter members with crimes.  Plaintiff had no evidence that any crimes had been committed.  Defendant Collins directed Plaintiff to sign baseless criminal affidavits, even though there was no probable cause.  Defendant Collins wanted the criminal affidavits executed in order to punish members of Black Lives Matter for exercising their First Amendment speech and associational rights for protesting the race-based shooting. Plaintiff could not sign false criminal affidavits because this would be a violation of the civil rights of the members of Black Lives Matter.

8.

Plaintiff was frustrated about being unconstitutionally ordered by the police chief to execute affidavits without probable cause and in retaliation for citizens' exercise of their First Amendment Rights.  Plaintiff confided in a pastor about her being asked to carry out this illegal activity.  Without her knowledge, the pastor had Plaintiff on speaker phone.  Plaintiff's speech was heard by another individual who taped the conversation and posted it on social media.

9.

Defendant Collins learned that Plaintiff had spoken out about being asked to sign affidavits without probable cause and simply because citizens had exercised their free speech rights.

10.

Accordingly, on March 25, 2022, Defendant Collins informed Plaintiff that she was suspended, and that he was asking the Board of Aldermen to terminate her for insubordination.

11.

At a board meeting on April 5, 2022, the governing board of the Brookhaven Police Department declined to fire Plaintiff because she had done nothing wrong and ordered her reinstated.

12.

Defendant Collins was unwilling to accept the decision of the board.  Since Defendant Collins could not have Plaintiff fired, he ordered Plaintiff to be demoted to a patrol position, which required her to work nights and frustrated Plaintiff's lifetime goal of being a police detective.

13.

At this time, Plaintiff was enrolled in the Mississippi Law Enforcement Training Academy receiving special certifications to work as an investigator.  At the direction of the Defendant Collins, the police captain attempted to interfere with Plaintiff's enrollment in the school by trying, unsuccessfully, to have her removed from the program.

14.

Although Plaintiff had been demoted to a patrol position, she was still required to carry forth her investigations.  Defendant Collins gained access to her investigative files and would not release them for her to pursue criminal investigations.  This made it necessary that the district attorney correspond directly with the police department to obtain Plaintiff's files.

15.

Defendant Collins entertained hostility towards Plaintiff because of her exercise of First Amendment rights by stating she opposed executing affidavits without probable cause, and by protecting members of Black Lives Matter from being arrested because of their First Amendment protected activity.  Defendant Collins made it clear to Plaintiff that she would not be returning to a detective's position.  Having no other option, Plaintiff left her employment so that she would be able to continue her police career as a detective elsewhere. This was not a voluntary resignation, but instead, a constructive discharge.

16.

After leaving her employment, Defendants refused to pay Plaintiff her last check.  Further, even though Plaintiff no longer works for the Brookhaven Police Department, it has repeatedly called her about cases she had worked on while a detective with the Brookhaven Police Department, and has subpoenaed her to appear at preliminary hearings on some of those cases.  This has caused Plaintiff to lose income and incur travel expenses.  Further, Plaintiff is afraid that this abuse of power of the Brookhaven Police Department could cause her to lose her current job with the McComb Police Department.

17.

The decision to demote Plaintiff to a patrol position was an official policy decision of the Brookhaven Police Department, since it was the official policy decision of the Brookhaven Police Chief.

18.

Defendant Collins, in his individual capacity, has maliciously interfered with Plaintiff's employment.  With malice and ill will, and not for any legitimate police purpose, Defendant Collins caused Plaintiff to be terminated.  However, when the board would not go through with the termination, he spitefully demoted to a patrol position from which she was eventually constructively discharged.

19.

The City of Brookhaven, Mississippi is liable to Plaintiff for violating Plaintiff's First Amendment and Fourth Amendment Rights, since Defendant Collins' decision to demote Plaintiff was the official policy decision of Defendant City.  Further, Defendant City is liable to Plaintiff for wrongful termination in violation of Mississippi's public policy.  Plaintiff has filed a Notice of Claim, attached hereto as Exhibit "A," and requests this complaint be amended to include a state law claim upon expiration of the statutory waiting period.

20.

Plaintiff is entitled to actual damages against Defendant City and punitive damages against Defendant Collins.  In summary:

COUNT I:    Individual Defendant Kenneth Collins is liable for malicious interference in Plaintiff's employment.

COUNT II:   Defendant City of Brookhaven, Mississippi is liable for causing Plaintiff's constructive discharge in violation of Mississippi public policy under state law.  Plaintiff asks that this Complaint be deemed

amended to add this claim ninety (90) days after the filing of the Notice of Claim, attached hereto as Exhibit "A."

COUNT III:   Defendant City of Brookhaven, Mississippi is liable for the policy decisions of its Chief of Police to violate Plaintiff's First and Fourth Amendments by retaliating against Plaintiff because she protested being required to make arrests without probable cause.

21.

Plaintiff has suffered lost income and mental anxiety and stress as a result of Defendants' actions.

**REQUEST FOR RELIEF**

Plaintiff, therefore, requests damages for lost wages and mental anxiety and stress against Defendant City, and lost wages, mental anxiety and stress, and punitive damages against Defendant Collins.  Plaintiff also requests reinstatement to her detective position, or front pay, and reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 29th day of July, 2022.

LATOYA R. BEACHAM, Plaintiff

By:     */s/ JIM WAIDE*
        Jim Waide, MS Bar No. 6857
        waide@waidelaw.com
        WAIDE & ASSOCIATES, P.A.
        332 North Spring Street
        Tupelo, MS 38804-3955
        Post Office Box 1357
        Tupelo, MS 38802-1357
        (662) 842-7324 / Telephone
        (662) 842-8056 / Facsimile

TERESA E. HARVEY
tharvey@cglawms.com
CG LAW GROUP, P.A.
120 North Congress Street, Suite 200
Jackson, MISSISSIPPI 39201
(601) 948-8005 / Telephone
(601) 948-8010 / Facsimile

ATTORNEYS FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF _Pike_

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named LATOYA R. BEACHAM, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

LATOYA R. BEACHAM

GIVEN under my hand and official seal of office on this the 27th day of June, 2022.

(S E A L)

NOTARY PUBLIC

My Commission Expires: _Feb 4, 2023_