IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LATOYA R. BEACHAM                                    PLAINTIFF


v.                          CIVIL ACTION NO.: 5:22-CV-65-DCB-LGI


CITY OF BROOKHAVEN, MISSISSIPPI and
KENNETH COLLINS, in His Individual Capacity


<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is a Motion to Amend/Correct Complaint
[ECF NO. 11] filed by Latoya R. Beacham ("Plaintiff") and a
Motion to Dismiss [ECF No. 17] filed by defendants City of
Brookhaven, Mississippi, and Kenneth Collins (collectively,
"Defendants").  Defendants oppose Plaintiff's request to amend
the complaint [ECF No. 15], and Plaintiff opposes the motion to
dismiss [ECF No. 19].  Because the resolution of each motion
depends on the application (or not) of the ninety (90) day
presuit notice requirement in the Mississippi Tort Claims Act
("MTCA"), Miss. Code Ann. § 11-46-11(1) [1], the Court will decide

---

[1] Miss. Code Ann. § 11-46-11(1) provides:

(1) After all procedures within a governmental entity have been
exhausted, any person having a claim under this chapter shall
proceed as he might in any action at law or in equity, except

1

both motions in this Memorandum Opinion and Order.  Having
carefully reviewed the parties' submissions and applicable law,
the Court finds as follows:

**BACKGROUND**

According to the Complaint, Plaintiff was employed by the
Brookhaven, Mississippi Police Department as a detective. [ECF
No. 1] ¶4.  Defendant Collins, the Brookhaven Chief of Police,
supervised Plaintiff.  Id. ¶¶ 2 & 4.  Plaintiff alleges that,
because she exercised her constitutional free speech rights,
Defendant Collins retaliated against her by suspending her, by
attempting to have the Board of Aldermen terminate her, and then
by demoting her to a patrol position.  Id. ¶¶ 10, 12, 15.
Claiming constructive discharge, Plaintiff filed a Notice of
Claim under the MTCA.  Id. ¶¶ 15, 18, 19; [ECF No. 1-1].
Plaintiff's Notice of Claim is dated June 29, 2022. [ECF No. 1-
1].  Thirty days later on July 29, 2022, Plaintiff filed this
lawsuit in the District Court for the Southern District of
Mississippi.  [ECF No. 1].

---

that at least ninety (90) days before instituting suit, the
person must file a notice of claim with the chief executive
officer of the governmental entity.

Miss. Code Ann. § 11-46-11(1).

## STANDARD OF REVIEW

Defendants filed an answer [ECF No. 9] to the Complaint prior to filing their "Motion to Dismiss" [ECF No. 17]. Because a Rule 12(b) motion to dismiss[2] must be filed before responsive pleadings, Defendants' motion was untimely.  Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).  However, the Court will construe their motion to dismiss as a Rule 12(c) motion for judgment on the pleadings.  Id.; Sonnier v. Crain, 649 F. Supp. 2d 484, 492 (E.D. La. 2009); In re Enron Corp. Sec., Derivative & "ERISA" Litig., 439 F. Supp. 2d 692, 695–96 (S.D. Tex. 2006), on reconsideration sub nom. In re Enron Corp. Sec., Derivative & ERISA Litig., No. CIV.A. H-01-3624, 2006 WL 6892915 (S.D. Tex. Dec. 4, 2006).

The standard for addressing a Rule 12(c) motion is the same as that for addressing a motion to dismiss under Rule 12(b)(6).  In re Great Lakes Dredge & Co., 624 F.3d 201, 209-10 (5th Cir. 2010); Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008).  To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Great Lakes Dredge, 624 F.3d at 210 (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

---

[2] In their Motion to Dismiss, Defendants do not specify whether they base their motion on Federal Rule of Civil Procedure 12(b)(6) or otherwise. The Court will assume that Defendants intended to file under Rule 12(b)(6).

544, 570 (2007)).  The court should construe the pleadings
liberally and should grant a Rule 12(c) motion only when there
is no disputed issue of fact and there are only questions of
law.  Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.,
313 F.3d 305, 312 (5th Cir. 2002).  "The court may dismiss a
claim when it is clear that the plaintiff can prove no set of
facts in support of his claim that would entitle him to relief."
Greninger, 188 F.3d at 324.

     Leave to amend under Federal Rule of Civil Procedure 15(a)
is usually granted liberally, unless the movant has acted in bad
faith or with a dilatory motive, if granting the motion would
cause prejudice, or the amendment would be futile.  Jebaco, Inc.
v. Harrah's Operating Co., 587 F.3d 314, 322 (5th Cir.2009);
Issaquena & Warren Ctys. Land Co., LLC v. Warren Cty., Miss. Bd.
of Sup'rs, No. 5:07-CV-106-DCB-JMR, 2011 WL 6092450, at *3 (S.D.
Miss. Dec. 7, 2011).  "Futility is determined under Rule
12(b)(6) standards, meaning an amendment is considered futile if
it would fail to state a claim upon which relief could be
granted." Legate v. Livingston, 822 F.3d 207, 211 (5th Cir.
2016); see also Stripling v. Jordan Prod. Co., 234 F.3d 863, 872
(5th Cir. 2000); Fill It Up, LLC v. MS LZ Delta, LLC, 342 F.
Supp. 3d 707, 712 (N.D. Miss. 2018).

## ANALYSIS

The motions presented to the Court do not involve disputed facts.  The dispositive issue in both motions is solely one of law: whether the failure to wait ninety (90) days after giving notice under Miss. Code Ann. § 11-46-11(1) to a governmental entity before instituting suit can be cured by amending a complaint after the requisite ninety (90) days has expired?  The sole basis for dismissal that Defendants present in their Motion to Dismiss is Plaintiff's failure to wait ninety days before filing suit in violation of Section 11-46-11(1) of the MTCA. See [ECF No. 18] at 3-4.  Likewise, Defendants rest their opposition to Plaintiff's Motion to Amend Complaint on their position that Plaintiff's failure to comply with the MTCA's ninety-day notice requirement cannot be cured by amending the complaint; therefore an amendment would be futile and "the underlying Complaint has to be dismissed … ."  [ECF No. 15] at 3-4; [ECF No. 18] at 4-5.

However, before the Court can decide the dispositive legal issue, it must determine if Plaintiff's claims are subject to the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 to - 23 ("MTCA") and its presuit notice requirement.  Zumwalt v. Jones Cty. Bd. of Sup'rs, 19 So. 3d 672, 688 (Miss. 2009) ("The MTCA does not apply to all claims against governmental entities," thus "each claim must be examined for MTCA

5

application."); accord Aries Bldg. Sys., LLC v. Pike Cnty.,
Mississippi, No. 5:16-CV-16-DCB-MTP, 2017 WL 4678225, at *3
(S.D. Miss. Oct. 17, 2017).  In her Complaint, Plaintiff
summarized her claims as:

> COUNT I:  Individual Defendant Kenneth Collins is
> liable for malicious interference in Plaintiff's
> employment.

> COUNT II:  Defendant City of Brookhaven, Mississippi
> is liable for causing Plaintiff's constructive
> discharge in violation of Mississippi public policy
> under state law.  Plaintiff asks that this Complaint
> be deemed amended to add this claim ninety (90) days
> after the filing of the Notice of Claim, attached
> hereto as Exhibit "A."

> COUNT III:  Defendant City of Brookhaven, Mississippi
> is liable for the policy decisions of its Chief of
> Police to violate Plaintiff's First and Fourth
> Amendments by retaliating against Plaintiff because
> she protested being required to make arrests without
> probable cause.

[ECF No. 1] ¶ 20.  The Court will review each of these claims to
determine which are, or are not, subject to the MTCA and its 90-
day notice requirement.

**A.   COUNT I - Malicious Interference against Defendant Collins.**

Citing Springer v. Ausburn Construction Co., Inc., 231 So.
3d 980, 988 (Miss. 2017), Plaintiff argues that the "MTCA does
not apply to malicious interference claims."  Defendants
initially argued in their opposition to Plaintiff's motion to

amend her complaint that all of Plaintiff's state law claims should be dismissed for failure to comply with the MTCA's 90-day notice requirement, [ECF No. 15] at 2, and inconsistently argued that the entire underlying complaint should be dismissed.  Id. at 2-4.  However, in their Motion to Dismiss and supporting briefs, [ECF Nos. 17, 18, 25], Defendants have retreated from this position and offer no opposition to Plaintiff's argument that the MTCA and its notice requirements do not apply to malicious interference claims.

The Court finds merit in Plaintiff's position.  Section 11-46-5(2) of the MTCA excludes a governmental employee's malicious conduct from the Act's waiver of immunity.[3]  The Mississippi

---

[3] Section 11-46-5 provides in pertinent part:

§ 11-46-5. Waiver of immunity

(1) Notwithstanding the immunity granted in Section 11-46-3, or the provisions of any other law to the contrary, the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment is hereby waived from and after July 1, 1993, as to the state, and from and after October 1, 1993, as to political subdivisions; provided, however, immunity of a governmental entity in any such case shall be waived only to the extent of the maximum amount of liability provided for in Section 11-46-15.

(2) For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, *malice*,

Supreme Court and federal courts in this district have found that the MTCA and its 90-day notice requirement do not apply to malicious torts. <u>E.g.</u>, <u>Springer</u>, 231 So. 3d at 989 ("… Ausbern's claim for tortious interference with the road-construction contract against Springer in his individual capacity was not subject to the Tort Claims Act's presuit notice requirements."); <u>Zumwalt v. Jones Cnty. Bd. of Sup'rs</u>, 19 So. 3d 672, 688 (Miss. 2009) ("Tortious interference with business relations and contracts requires proof of malice as an essential element. [citations omitted]. Therefore, the MTCA does not apply to these torts … ."); <u>Turner v. Oliver</u>, No. 3:21-CV-289 HTW-LGI, 2023 WL 2784882, at *9 (S.D. Miss. Mar. 10, 2023) ("If a state employee commits a tort involving malice, such as malicious interference with employment, that claim does not fall within the purview of the MTCA."); <u>Burroughs v. City of Laurel, Mississippi</u>, No. 2:19-CV-48-KS-MTP, 2019 WL 4228438, at *2 (S.D. Miss. Sept. 5, 2019) ("[MTCA] also doesn't apply to … malicious interference.").  The Court agrees that Plaintiff's malicious interference claim against Defendant Kenneth Collins is not subject to the ninety-day presuit notice requirement in Miss.

---

libel, slander, defamation or any criminal offense other than traffic violations.

Miss. Code Ann. § 11-46-5(1), (2) (emphasis added).

Code Ann. § 11-46-11(1).  Defendants' Motion to Dismiss is denied with respect to Count I.

**B.  COUNT II: Constructive Discharge against City of Brookhaven.**

The parties agree that Plaintiff's wrongful termination claim in Count II is subject to the MTCA and its 90-day presuit notice requirement.  See [ECF No. 20] ¶ 5 ("Plaintiff admits that [the wrongful termination in violation of Mississippi's public policy claim] is subject to the pre-suit notice requirement of the MTCA.")  Conceding, as she must, that the MTCA's 90-day waiting period had not expired when she filed her complaint, Plaintiff explains that she requested in her complaint - and again in a subsequent motion to amend - that the complaint be amended to add the wrongful termination claim upon expiration of the 90-day waiting period.  Defendants adamantly oppose the proposed cure-by-amendment and argue that the MTCA's notice provision requires strict compliance.  Price v. Clark, 21 So. 3d 509, 518-19 (Miss. 2009) ("Strict compliance with statutory notice is required, regardless of why the plaintiff failed to provide notice.  See Univ. of Miss. Med. Ctr. v. Easterling, 928 So.2d 815, 819-20 (Miss. 2006); Pitalo v. GPCH-GP, Inc., 933 So.2d 927, 929 (Miss. 2006).").

The parties have cited no cases in their briefs that endorse, reject, or even suggest a cure-by-amendment procedural

fix that mirrors the cure now proposed by Plaintiff.  However,
the Court's research has uncovered <u>Bunton v. King</u>, 995 So. 2d
694, 696 (2008), in which the Mississippi Supreme Court reviewed
and rejected a similar attempt at a procedural cure-by-
amendment.  The plaintiffs in <u>Bunton</u> filed suit seven days after
sending their MTCA notice of claim letter to the defendants.
<u>Id.</u>  The trial court granted the plaintiffs' request to amend
their complaint and held that, because the amended complaint was
filed more than 90 days after the notice letter was sent to the
defendants, the MTCA notice requirements were satisfied.  <u>Id.</u>
On interlocutory appeal, the Mississippi Supreme Court reversed
the trial court's ruling and held: "The [plaintiffs'] argument
that … the amended complaint cured the ninety-day-notice problem
is without merit."[4]  <u>Accord</u> <u>Pickett v. Panola Cnty., Miss.</u>, No.

---

[4] The Court notes that the Mississippi Supreme Court in <u>Bunton</u>
further explained: "Because the notice requirement is
jurisdictional, the Circuit Court never obtained subject matter
jurisdiction."  <u>Bunton</u>, 995 So.2d at 696.  Later rulings of the
Mississippi Supreme Court did an about-face and rejected the
idea that the notice requirement in Section 11-46-11 of the MTCA
is jurisdictional.  <u>Stuart v. Univ. of Mississippi Med. Ctr.</u>, 21
So. 3d 544, 550 (Miss. 2009) (Graves, J.) ("The notice
requirements in the MTCA are not jurisdictional, and we now hold
them to be nonjurisdictional and, therefore, waivable.").  In a
special concurrence, Justice Randolph explained: "Although the
pre-suit notice requirements of Section 11-46-11 are *not*
jurisdictional, their satisfaction *is* a necessary condition
precedent to a plaintiff's right to file suit."  <u>Id.</u> at 552
(Randolph, J. specially concurring) (emphasis in the original);
<u>see also</u> <u>Newton v. Lincoln Cnty.</u>, 86 So. 3d 270, 273 (Miss. Ct.
App. 2012) ("… *Stuart* did not alter the duty to comply with the
notice requirement.").  While the <u>Stuart</u> court expressly

10

3:13-CV-95-DMB-SAA, 2015 WL 416967, at *7 (N.D. Miss. Jan. 30, 2015) (plaintiff who sent an MTCA notice letter 14 days before filing suit did not cure this defect by filing supplemental complaint after the MTCA's 90-day notice period expired).  In the absence of precedent to support Plaintiff's requested cure, the Court finds that the MTCA's 90-day presuit notice requirement is applicable to Count II of the complaint and is "a necessary condition precedent" to Plaintiff's right to bring the state law claim in Count II.  Stuart, 21 So. 3d at 552 (Randolph, J. specially concurring).  Because Plaintiff failed to comply with the MTCA's presuit notice requirement, the state law constructive discharge or wrongful termination claim in Count II must be dismissed.

---

overruled two prior Mississippi Supreme Court cases that characterized the MTCA notice requirements as jurisdictional, the court did not expressly overrule or address Bunton's rejection of the cure-by-amendment fix to MTCA noncompliance. Stuart, 21 So.3d at 550, overruling, in part, Jackson v. Lumpkin, 697 So.2d 1179 and Carr v. Town of Shubuta, 733 So.2d 261, ("… we now take the opportunity to overrule Lumpkin and Carr and their progeny, to the extent that these cases characterize the notice requirements set out in Section 11-46-11 as jurisdictional requirements.").  The Court also notes that, post-Stuart, the Fifth Circuit cited Bunton with approval for the rule that compliance with the MTCA notice provision is strictly enforced.  Lee v. Ishee, 383 F. App'x 499, 501 (5th Cir. 2010) ("'[T]he ... notice requirement [under the MTCA] is a hard-edged, mandatory rule which the Court strictly enforces.'" (quotation marks omitted)).

**C.  COUNT III: Retaliation in violation of the First and Fourth Amendments against City of Brookhaven.**

Lastly, regarding the alleged federal constitutional claim of retaliation under the First and Fourth Amendments in Count III, it appears to the Court that Defendants have abandoned any argument that they initially may have had regarding the application of the MTCA notice provision to Plaintiff's federal claims in Count III.  In their Response in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 15], Defendants state: "Plaintiff alleges both federal and state law claims under the Mississippi Tort Claims Act." Id. at 1.  However, this line of argument is abandoned in Defendants' Motion to Dismiss [ECF No. 17] and also is absent from Defendants' related briefing [ECF Nos. 18 & 25].  See United States v. Scroggins, 599 F.3d 433, 446–47 (5th Cir. 2010)(party who fails to adequately brief argument is deemed to have waived it); Flores-Ordones v. Holder, 348 F. App'x 12, 13 (5th Cir. 2009) (failure to adequately brief an argument constituted abandonment); Burton v. Comm's of Social Security, No. 3:20-cv-266, 2021 WL 3674472, at *2 n.11 (N.D. Miss. Aug. 18, 2021) ("[F]ailure to brief an argument in the district court waives that argument in that court.") (internal quotation marks omitted) (quoting Magee v. Life Ins. Co. of N. Am., 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)).

Plaintiff, on the other hand, argues repeatedly that: " …
there are no 'federal' claims under the MTCA. The MTCA only
applies to state law claims."  [ECF NO. 16] ¶ 3; [ECF No. 20] ¶
2.  Plaintiff relies on <u>Felder v. Casey</u>, 487 U.S. 131 (1988),
which held that a Wisconsin notice-of-claim statute was
preempted with respect to federal civil rights actions ***brought
in state court***.  <u>Felder</u>, 487 U.S. at 153.  While Plaintiff's
declaration regarding the MTCA strikes the Court as overly broad
and imprecise given the procedural distinctions between this
case and <u>Felder</u> and given the complexity of this legal area as
discussed in Mississippi and federal court decisions,[5] the Court

---

[5]  For example, compare the following:

1. <u>City of Belzoni v. Johnson</u>, 80 So. 3d 99, 108 (Miss.
2012):

> This Court has already determined that the Mississippi
> Tort Claims Act does not apply to a Section 1983
> claim. <u>McGehee v. DePoyster</u>, 708 So.2d 77, 80
> (Miss.1998). In McGehee, this Court relied on the
> United States Supreme Court's decision in <u>Felder v.
> Casey</u>, 487 U.S. 131, 140-41, 108 S.Ct. 2302, 2307-08,
> 101 L.Ed.2d 123, 139-40 (1988), specifically holding
> that state notice-of-claim requirements are not
> applicable to Section 1983 actions brought in state
> courts.

2. <u>Black v. N. Panola Sch. Dist.</u>, 461 F.3d 584, 595 (5th
Cir. 2006): "… the MTCA notice requirement does not apply to §
1983 claims" and "… the MTCA fails to insulate the state and its
subdivisions from liability for violations of constitutional
rights."

3. <u>Meredith v. Jackson State Univ.</u>, No.
CIV.A.309CV303DPJFKB, 2010 WL 606402, at *2 (S.D. Miss. Feb. 17,
2010):

> … <u>Black</u> examined whether Mississippi waived its
> sovereign immunity from federal claims "brought in
> state court." [<u>Black</u>, 461 F.3d at 594].  As to claims
> filed in federal court, Black correctly noted that the
> MTCA "preserves all immunities granted by the Eleventh
> Amendment of the United States Constitution." <u>Id.</u>
> (citing Miss.Code. Ann. § 11-46-5(4)).

4.  <u>Williams v. Mississippi Dep't of Pub. Safety</u>, No.
117CV00179GHDDAS, 2018 WL 1128133, at *5 (N.D. Miss. Mar. 1,
2018):

> Plaintiffs argue that the Mississippi Tort Claims
> Act waives Eleventh Amendment immunity for § 1983
> claims, as held by the Fifth Circuit in <u>Black v. North
> Panola School District</u>, 461 F.3d 584 (5th Cir. 2006).
> The Fifth Circuit made no such holding.
> …
> As the Fifth Circuit noted, the MTCA explicitly
> reserves Eleventh Amendment immunity for suits in
> federal courts. *Id.* at 594; Miss. Code Ann. § 11-46-
> 5(4). There has been no waiver of immunity for these
> claims.

5.  <u>Waddell v. Mississippi Dep't of Wildlife, Fisheries & Parks</u>,
No. 1:19-CV-88-SA-DAS, 2020 WL 3669941, at *4 (N.D. Miss. July
6, 2020):

> *Black* is inapposite here. *Black* dealt specifically
> with whether the plaintiff's failure to assert her
> federal claims in state court barred her from
> asserting those same claims in federal court. Thus, at
> issue was whether *res judicata* should apply, not
> whether the MTCA acted as a waiver to the plaintiff's
> Section 1983 claim in federal court.

6.  <u>Price v. Elder</u>, No. 1:15-CV-36-SA-DAS, 2016 WL 3449909, at
*2-3 (N.D. Miss. June 20, 2016).  Perhaps Judge Aycock best
expressed some of the complexities confronting a district court
when the MTCA is at issue in federal litigation:

> … there are other more complex impediments to
> [plaintiff's] indemnity claim. Specifically, the Court

14

has been presented with no arguments or caselaw to refute
Plaintiff's position.  The Mississippi Supreme Court has ruled
that the MTCA's notice requirements can be waived and that is
apparently what the Defendants have chosen to do with respect to
Plaintiff's federal claims.  Stuart, 21 So.3d at 550; see
discussion at note 4 supra.  The Court therefore will not
dismiss Plaintiff's federal claims in Count III on the grounds
that Plaintiff failed to comply with the ninety-day notice
requirement in Miss. Code Ann. § 11-46-11(1).

---

would have to find that the MTCA's pre-suit notice
requirements do not apply to his indemnity claim; that
the MTCA's indemnity provision was intended to cover
federal Section 1983 claims; and that the MTCA is
incorporated into federal law by Section 1988 or may
constitutionally serve as an independent basis for
liability against [the City of Baldwyn]. These issues
present multiple Erie guesses of Mississippi law and
difficult questions of federal statutory
interpretation and constitutional analysis. Moreover,
the Court's research and the parties' briefing reflect
a dearth of controlling Mississippi, Fifth Circuit, or
United States Supreme Court precedent.

In the absence of clear guidance, given the complexity
involved, and consistent with the Court's duty to
avoid resolving constitutional issues where possible,
see In re BP RE, L.P., 735 F.3d 279, 284-85 (5th Cir.
2013), the Court will defer these additional
substantive questions until trial, where they may be
re-urged if necessary.

**CONCLUSION**

Counts I and III of the Plaintiff's Complaint are not subject to dismissal for Plaintiff's failure to comply with the MTCA's presuit notice requirement in Section 11-46-11(1).  Those claims survive Defendants' Motion to Dismiss [ECF No. 17]. Plaintiff's Motion to Amend Complaint [ECF No. 11] has no effect on the claims in Counts I and III.  Plaintiff's state law claim in Count II is subject to the MTCA and must be dismissed for Plaintiff's failure to satisfy the condition precedent to filing in Section 11-46-11(1) of the MTCA.  Given the necessary dismissal of Count II, the proposed amendment to the Complaint (which only effects Count II) would be futile, and Plaintiff's Motion to Amend will be denied.  E.g., Legate, 822 F.3d at 211. This ruling is procedural only and is limited to the facts and procedural posture of this case.  The Court's ruling is not to be construed as a decision on the substantive merits of Plaintiff's claims.

Accordingly,

IT IS ORDERED THAT the Motion to Amend/Correct Complaint [ECF NO. 11] is **DENIED**;

IT IS FURTHER ORDERED THAT the Motion to Dismiss [ECF No. 17] is **GRANTED** in part and **DENIED** in part such that:

Count II is dismissed without prejudice; and

16

Counts I and III are not dismissed.

SO ORDERED, this the 1st day of August 2023.

                                       /s/ David Bramlette
                             UNITED STATES DISTRICT JUDGE